# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Terence K. Dickinson,

    Plaintiff,

v.

Abbi Silver,

    Defendant.

Case No.: 2:14-cv-810-JAD-GWF

**Order Granting Defendant's Motion to Dismiss [Doc. 7]**

Terrence Dickinson was the plaintiff in a mortgage-foreclosure challenge case entitled *Dickinson v. Ocwen Loan Servicing, LLC.*, Case No. 07A552827, which was filed in the Eighth Judicial District Court but promptly removed to federal court. Doc. 7-1 at 5. Despite the removal (and years of federal-court litigation of the matter[1] resulting in a defense judgment), Dickinson filed a motion for summary judgment in the state court case number, and Judge Abbi Silver denied the motion for lack of subject matter jurisdiction. Doc. 7-1 at 82. Dickinson's appeal to the Nevada Supreme Court was dismissed. Doc. 7-1 at 85. Dickinson responded by filing this § 1983 action against Judge Silver. Doc. 1. He alleges that Judge Silver deprived him of his right to jury trial and "right to participate in the 'Pilot Program' initiated by the Supreme Court of the State of Nevada" when she denied his motion for summary judgment. *Id.* at 1. He prays for the court to remand this matter to the state court "from which its [sic] was removed," although Dickinson actually filed "this matter" here in federal court. *Id.* at 9.

Judge Silver moves to dismiss Dickinson's suit.[2] Because Judge Silver enjoys absolute judicial immunity for the actions that Dickinson challenges by this lawsuit, I grant

---

[1] 08-cv-23-RCJ-GWF.

[2] Dickinson has submitted a response, Doc. 10, and Silver has submitted a reply. Doc. 13. Dickinson also submitted a "response" to the reply, Doc. 14, without leave of court and in contravention of Nevada Local Rule 7-2. I will not consider Dickinson's "response" to the reply.

1

the motion to dismiss.³

**Discussion**

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and states, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."⁴  A district court may dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).⁵  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."⁶  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."⁷  The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."⁸  To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."⁹  This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the

---

³ I find this motion appropriate for resolution without oral argument.  *See* L.R. 7-2(d).  Because I am granting the motion to dismiss on judicial-immunity grounds, I do not reach the merits of Judge Silver's other dismissal arguments.

⁴ Fed. R. Civ. Proc. 8(a).

⁵ *Id.* at 12(b)(6).

⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

⁷ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

⁸ *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

⁹ *Iqbal*, 556 U.S. at 678-79.

allegations charged.[10]

Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."[11] Certain categories of actions, however, are absolutely immune from § 1983 liability, including actions taken by state judges in a lawsuit.[12] As the United States Supreme Court explained in *Pierson v. Ray*:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.[13]

Thus, judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."[14]

A straightforward application of judicial-immunity principles requires the dismissal of Dickinson's case. The sole factual basis of his claim is Judge Silver's denial of his motion for summary judgment in a previously removed (and federally resolved) action. *See* Docs. 1 and 7-1 at 83. Nothing in Dickinson's allegations remotely suggests that Judge Silver's

---

[10] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[11] *Id.*

[12] *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004).

[13] 386 U.S. 547 (1967) (citations omitted).

[14] *Forrester v. White*, 484 U.S. 219, 225 (1988).

3

actions were anything other than a judicial resolution of the legal grievance Dickinson presented to her. As Judge Silver was acting in a judicial capacity when she performed the action that Dickinson now challenges, she enjoys absolute immunity from Dickinson's suit and it must be dismissed. Although I recognize that dismissal of a pro se plaintiff's action with prejudice and without first affording the opportunity for amendment is disfavored in this circuit,[15] because Dickinson's action is founded on a trial court judge's denial of a motion for summary judgment, leave to amend would be futile in light of the clear application of judicial immunity to the complained-of acts.[16] Having considered the *Foman v. Davis*[17] factors, I conclude that the dismissal should be with prejudice and without leave to amend.

## Conclusion

Accordingly, it is HEREBY ORDERED that Judge Silver's Motion to Dismiss **[Doc. 7] is GRANTED**. **This action is dismissed with prejudice, and the Clerk of Court is instructed to close this case.**

DATED: September 3, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[15] *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1217-18 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

[16] *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962). As plaintiff's prayer makes clear, his goal in filing this new action is to get his original 2007 claims back in front of a Nevada state court. But that action was removed to federal court and fully resolved. *See Dickinson v. Ocwen Loan Servicing, LLC*, 2010 WL 1568594 (D. Nev. Apr. 16, 2010) *aff'd*, 466 F. App'x 567 (9th Cir. 2012). Even if Judge Silver were not absolutely immune from liability in this case, the relief Dickinson seeks is simply not available to him, as this court cannot "remand" a case originally filed in this court or direct the remand of a case that was closed before another federal judge in this district more than four years ago.

4